22-2546-cv
Miranda v. Westover School, Inc.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand twenty-three.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

------------------------------------------------------------------

EMILY MIRANDA,

*Plaintiff-Appellant*,

v.                                                                No. 22-2546-cv

WESTOVER SCHOOL, INC.,

*Defendant-Appellee.*

------------------------------------------------------------------

1

FOR APPELLANT:                    ANTONIO PONVERT, III, Colin S. Antaya, Koskoff Koskoff & Bieder, P.C., Bridgeport, CT

FOR APPELLEE:                      JOHN G. DOLAN, Gary C. Kaisen, Claire M. McNamara, Milano & Wanat LLC, Branford, CT, Daniel J. Krisch, Halloran & Sage LLP, Hartford CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Charles S. Haight, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the case is REMANDED for further proceedings.

Emily Miranda appeals from a September 21, 2022 judgment of the United States District Court for the District of Connecticut (Haight, *J.*) granting summary judgment in favor of Westover School, Inc. ("Westover"), a private high school that Miranda attended and where a teacher, Allen Fitzsimmons, sexually abused her. Miranda brought suit against Westover under Connecticut law, claiming, as relevant to this appeal, that the school was negligent in failing to protect her from the abuse. We assume the parties' familiarity with the underlying facts and

2

the record of prior proceedings, to which we refer only as necessary to explain our decision to vacate and remand.

The dispositive issue on summary judgment was whether any employee at Westover knew or had "'reasonable cause to suspect' abuse of or 'imminent risk of serious harm' to" Miranda. *Doe v. Town of Madison*, 340 Conn. 1, 23 (2021).[1] The District Court concluded that no genuine dispute of material fact existed as to that issue and granted summary judgment in favor of Westover. *See* Fed. R. Civ. P. 56. Because Miranda has adduced admissible evidence that raises a genuine dispute of material fact as to the dispositive issue, we disagree.

In particular, one of the faculty members, Zachary T. Lytle, testified that Miranda's best friend, Alana, gave him the impression that "something inappropriate was happening between [Miranda] and [Fitzsimmons]." App'x 322. He further testified that he knew Alana "was really worried about the two

---

[1] Although the District Court asserted that Miranda needed to provide evidence that supervisors at Westover had notice of the sexual abuse, *Miranda v. Westover Sch., Inc.*, No. 20 cv 123 (CSH), 2022 WL 4367605, at *13 (D. Conn. Sept. 21, 2022), on this appeal the parties agree that under Connecticut law Miranda need only provide evidence that at least one Westover employee was on notice. *See* Oral Arg. 20:24–20:42 (Westover counsel states: "The only issue in this case to be decided is whether *any individual Westover School employee* knew or had a reasonable cause to suspect that Mr. Fitzsimmons was sexually abusing the plaintiff during the time that she was a student at the school." (emphasis added)).

3

of them having some sort of an inappropriate relationship." *Id.* at 320.

Thereafter, Lytle observed Miranda and Fitzsimmons sitting with their legs either "touching" or "intertwined," which made him "uncomfortable" because "it looked like what Alana had been describing." *Id.* at 318–19. Lytle was sufficiently concerned that he took Alana to the Westover headmaster's house and directed her to report Fitzsimmons. *Id.* at 88. When Alana ultimately did not make a report, Lytle himself took no action. *Id.* Lytle's deposition testimony alone is enough to defeat summary judgment.[2]

In explaining why Lytle's testimony should be discounted, the District Court pointed to two statements it deemed not "wholly reconcilable." *Miranda v. Westover Sch., Inc.*, No. 20 cv 123 (CSH), 2022 WL 4367605, at *15 (D. Conn. Sept.

---

[2] The record also contains a letter sent to the Westover community in August 2020 (the "Letter"). Signed by Westover's Head of School and the President of the Board of Trustees, the Letter reports the results of an internal investigation into historical sexual abuse at the school. In particular, it states that Miranda was sexually abused by Fitzsimmons from 2005 to 2007 and that "[t]here is evidence that some faculty suspected and/or were aware of allegations that Mr. Fitzsimmons was engaging in an inappropriate relationship with" Miranda. App'x 237. The District Court concluded that the Letter was not hearsay under Federal Rule of Evidence 801(d)(2) but that it had little "probative value with respect to the decisive factual issue in the case." *Miranda*, 2022 WL 4367605, at *13. While we do not express a view as to whether the Letter is ultimately admissible, it appears to be at least *relevant* to the issue of whether any Westover employee was or should have been aware of the relationship between Fitzsimmons and Miranda while Miranda was enrolled at Westover.

4

21, 2022).  First, Lytle testified that "even today, it would be tricky" to decide whether to report his suspicions of Fitzsimmons's abuse if he "were given the same information by a student."  App'x 186.  Second, Lytle testified that "[i]f a student came to [him] today and told [him] exactly what Alana told [him] about [Miranda] and [Fitzsimmons]," he would "[r]eport it."  App'x 325.  We conclude that it was error to discount Lytle's deposition testimony for this reason.  Although conflicting statements during Lytle's deposition may be "fodder for cross-examination . . . at trial," "it is not the role of the district court to choose among them at the summary judgment stage."  *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 247–48 (2d Cir. 2020).[3]

---

[3] *Scott v. Harris*, 550 U.S. 372 (2007), relied on by the District Court, does not support its decision to discount Lytle's testimony.  There the Supreme Court held that a factual dispute is not "genuine" on summary judgment if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."  *Id.* at 380.  In *Scott*, however, the plaintiff's description of the facts was "clearly contradict[ed]" by a videotape of the incident, 550 U.S. at 378, such that his "version of events [was] so utterly discredited by the record that no reasonable jury could have believed him," *id.* at 380.  *Scott* is inapposite here, where witness testimony, though not entirely consistent, is not wholly discredited by the record.

We have considered Westover's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is VACATED and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court